IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COACH, INC., *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-4693 |
| § | |
| SHANGHAI BOUTIQUE, *et al.*, § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 7] filed by Defendant Qi Hong Yang a/k/a Qihong Yang, to which Plaintiffs Coach, Inc. and Coach Services, Inc. filed an Opposition [Doc. # 10]. Yang neither filed a reply nor requested additional time to do so. Having reviewed the full record and applied governing legal authorities, the Court **denies** the Motion to Dismiss.

Yang asserts that she has no possession, interest or ownership rights in Shanghai Boutique. On that basis, Yang seeks dismissal of the Complaint as against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain

sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. In deciding whether Plaintiffs state a claim for relief in this lawsuit, the Court must "determine whether the plaintiff has stated a legally cognizable claim that is plausible." *See Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

In this case, Plaintiffs allege in the Original Complaint and in their Opposition to the Motion to Dismiss that Yang is an owner/operator of Shanghai Boutique. *See* Original Complaint [Doc. # 1], ¶ 11; Opposition [Doc. # 10], p. 2. Plaintiffs also allege that Yang personally participated in and/or had the ability and right to supervise, direct and control the alleged infringing activities. Plaintiffs also allege that Yang derived direct financial benefit from the alleged infringing activities. *See* Original Complaint, ¶ 15; Opposition [Doc. # 10], p. 2.

Plaintiffs adequately allege that Yang is a proper defendant in this copyright and trademark infringement case. Yang disputes her involvement in the operation of Shanghai Boutique and may raise that issue, after the completion of discovery, in a motion for summary judgment. At this point in the proceeding, however, it is hereby

**ORDERED** that Defendant Yang's Motion to Dismiss [Doc. # 7] is **DENIED**.

SIGNED at Houston, Texas, this 7th day of **April, 2011**.

_____
Nancy F. Atlas
United States District Judge